IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AARRON G. TREADWELL** | * | |
| | * | |
| v. | * | Civil Action No. CCB-20-1514 |
| | * | |
| **SUNBELT RENTALS** | * | |
| | * | |
| | * | |
| | ***** | |

## MEMORANDUM

Pending before the court is the defendant Sunbelt Rentals' motion to dismiss (ECF 10) the plaintiff Aarron Treadwell's pro se complaint (ECF 1), which raises a claim of racial discrimination under Title VII of the Civil Rights Act of 1964. The court is bound to liberally construe the pleadings of pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but may not ignore a clear failure in the pleading to allege facts setting forth a cognizable claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). After reviewing the filings, the court concludes that Treadwell's discrimination claim is untimely and must be dismissed.

## DISCUSSION

Title VII makes it illegal for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a). To bring a claim under Title VII, a plaintiff in Maryland must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of a discriminatory action. *See EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). Once the EEOC has issued a right to sue letter, the plaintiff has ninety days from receiving his or her notice of right to sue to file a lawsuit in district court. *See* 42 U.S.C. § 2000e-5(f)(1).

In this case, Treadwell's complaint alleges that on June 20, 2017, his coworkers used disparaging racial epithets in his presence, (ECF 1, Compl. at 7–8), and on October 17, 2019, a manager at Sunbelt Rentals called him a "boy" and told him to "go get" a piece of equipment in a manner which Treadwell found disparaging to his "ethnic heritage" and "manhood," (*id.* at 8). Treadwell alleges he filed a charge with the EEOC on February 12, 2020, and received a right to sue letter on February 24, 2020.[1] (*Id.* at 7). Treadwell's complaint was date-stamped as filed on June 8, 2020, (*id.* at 1), though he contends in his opposition he filed it at the federal courthouse in Greenbelt, Maryland, on June 1, 2020, (ECF 19, Opp'n at 2). Either way, the filing deadline for Treadwell was May 26, 2020,[2] and his complaint is therefore untimely.[3]

Nor does Treadwell point to any extraordinary circumstances which would warrant tolling the statute of limitations in this case. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). He argues in his opposition that Maryland's stay-at-home orders relating to the coronavirus pandemic, in effect after he received his right to sue letter, prohibited him from filing his complaint

---

[1] The February 2020 charge does not include any reference to the June 2017 incident. (*See* ECF 23-1, EEOC Charge). To challenge that incident, Treadwell would have had to file a charge by April 16, 2018—300 days after the remarks were made. There is no indication that he did timely file such a charge, and his allegations related to this event are therefore time-barred.

[2] The Federal Rules mandate that when computing any time period specified by statute, if that period of time ends on a Saturday, Sunday, or legal holiday, the period will continue to run until the end of the next day that is not a weekend or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C). Treadwell's ninety days ran to May 24, 2020, a Sunday preceding the Memorial Day holiday. Thus, Tuesday, May 26, 2020, was his filing deadline.

[3] Additionally, the complaint does not appear to allege that any adverse employment action was taken against Treadwell. This is an essential element of a discrimination claim under Title VII, without which the claim must fail. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). In his opposition, Treadwell identifies other actions allegedly taken against him by his employer, (*see* ECF 19, Opp'n at 3–5), but these are not included in his complaint or in the charge filed with the EEOC, (*see generally* ECF 1, Compl.; ECF 23-1, EEOC Charge), and therefore cannot be considered by the court.

at the courthouse. (ECF 19 at 2). But those orders permitted residents to leave their homes for certain essential activities, including to travel to a federal government building for a necessary purpose. *See* Order Number 20-03-30-01 at 3 (Mar. 30, 2020).[4] And though this court issued a standing order during the pandemic postponing certain filing deadlines for active cases, the order was clear that it did "not toll any applicable statute of limitations," and it authorized pro se litigants to "deposit and date-stamp papers in drop boxes at each courthouse" during normal business hours. Standing Order 2020-07: Court Operations Under the Exigent Circumstances Created by COVID-19 at 3 (Apr. 10, 2020).[5] *See also Sargent v. S. Cal. Edison 401(k) Savings Plan*, No. 20-cv-1296-MMA (RBB), 2020 WL 6060411, at *5 (S.D. Cal. Oct. 14, 2020) (limitations on court operations and state stay-at-home orders are not sufficient grounds for equitable tolling of statute of limitations).

Accordingly, while the court certainly understands that Mr. Treadwell would be offended by the alleged remarks, the motion to dismiss (ECF 10) must be Granted and the complaint (ECF 1) must be Dismissed. A separate Order follows.

  May 11, 2021   
Date

       /S/   
Catherine C. Blake  
United States District Judge

---

[4] Available online at https://governor.maryland.gov/wp-content/uploads/2020/03/Gatherings-FOURTH-AMENDED-3.30.20.pdf.

[5] Available online at https://www.mdd.uscourts.gov/sites/mdd/files/2020-07.pdf.